UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CORNELIUS FLANAGAN,

                Petitioner,                Case No. 1:13-cv-831

v.                                              Honorable Robert Holmes Bell

SHERRY BURT,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner James Cornelius Flanagan is incarcerated at the Muskegon Correctional Facility. In 2011, following a jury trial in Wayne County Circuit Court, Petitioner was convicted of felonious assault, Mich. Comp. Laws § 750.82, domestic assault, Mich. Comp. Laws § 750.81(2), and malicious destruction of property less than $200, Mich. Comp. Laws § 750.377a(1)(d). The trial court sentenced him to imprisonment for 4 to 15 years for the felony assault conviction, and time served for the other two convictions.

Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals, raising the following issues:

I. MCL 768.27b CONFLICTS WITH MRE 404(B) [AND] VIOLATES THE MICHIGAN SUPREME COURT[']S CONSTITUTIONAL POWER TO ESTABLISH, MODIFY, AMEND AND SIMPLIFY THE PRACTICE AND PROCEDURE IN ALL COURTS OF [THE] STATE.

II. THE DEFENDANT WAS DENIED A FAIR TRIAL BY THE ADMISSION OF PRIOR ACTS OF D[O]MESTIC VIOLENCE WHICH SHOULD HAVE BEEN EXCLUDED PURSUANT TO MICHIGAN RULE OF EVIDENCE 403.

III. THE COMPETENT EVIDENCE WAS NOT SUFFICIENT TO OVERCOME THE PRESUMPTION OF INNOCENCE FOR THE REASON THE DEFENDANT PROVED SELF-DEFENSE.

(Pet., docket #1, Page ID#2.) In an unpublished opinion dated November 29, 2012, the Michigan Court of Appeals rejected Petitioner's claims and affirmed the judgment of the trial court. *See People v. Flanagan*, No. 305762 (Mich. Ct. App.). Petitioner then appealed to the Michigan Supreme Court, which denied leave to appeal on July 3, 2013.

Petitioner filed the instant action on or about July 31, 2013, ostensibly raising the same three issues presented on appeal. In his petition, Petitioner generically characterizes each of his grounds for relief as a violation of due process and equal protection, but he provides supporting facts suggesting that his claims generally correspond to the ones he raised on appeal. The supporting facts are set forth in the next section.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably

refuses to extend a principle to a context where it should apply. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 413 (2000)); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410.

Under the foregoing standards, Petitioner is not entitled to relief.

**Claims I and II: Admission of "Other Bad Acts" Evidence**

Claims I and II concern the trial court's admission of evidence concerning "four previous instances in which [Petitioner] allegedly committed domestic assault against the victim." *People v. Flanagan*, No. 305762, slip op. at 1 (Mich. Ct. App. Nov. 29, 2012). The trial court admitted the evidence under Mich. Comp. Laws § 768.27b. In claim I, Petitioner asserts that the latter statute conflicts with Rule 404(b) of the Michigan Rules of Evidence, and thereby violates the powers of the Michigan Supreme Court as set forth in the Michigan constitution. In support of claim I, Petitioner asserts the following:

> Petitioner's conviction "ar[o]se from a domestic dispute between him and the victim, Ms. Jacquelyn Williams, who was his ex-girlfriend and the mother of his son." On 7-6-10, Petitioner threw a steel brake drum at the victim . . .
>
> On November 24, 2010, the prosecutor filed a People's Motion for Admission of Evidence. Thus, oral arguments were heard on December 3, 2010, and the motion was granted on December 15, 2010. However, was it merely an attempt to enhance Petitioner's sentence? That is to say, in cases where a Petitioner is charged with domestic violence, admission of evidence cannot be used to show that . . . he is a bad

>person or that he is likely to commit crimes because it may make the jury incline[d] to use propensity evidence to convict that person.

(Pet., docket #1, Page ID##3-4.)

In claim II, Petitioner asserts that the admission of the foregoing evidence rendered his trial unfair. In support of claim II, Petitioner asserts:

>Although Ms. Williams alleged that there had been at least four or five previous instances of violence, there were only three police reports filed. Also, since the prosecutor used other acts of allegations of violence, it did in fact sway the jury to find the Petitioner guilty of assault. However, Petitioner was never arrested on those other allegations, nor were they ever proven beyond a reasonable doubt. Thus, was the reasonable doubt standard sufficiently expressed when the court instructed the jury that, if there was a realistic or reasonable possibility that the Petitioner acted in self-defense, he was not guilty? Moreover, was the court mandated to give the jury instructions on self defense?

(Pet., docket #1, Page ID#4.)

Rule 404(b) of the Michigan Rules of Evidence provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Mich. R. Evid. 404(b)(1). However, such evidence is admissible "for other purposes," examples of which are identified in the rule. *See id.* In contrast, Mich. Comp. Laws § 768.27b provides that "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403." Mich. Comp. Laws § 768.27b(1).

The Michigan Court of Appeals held that Mich. Comp. Laws § 768.27b supersedes Rule 404(b), and that the evidence was properly admitted under the statute, because it was relevant and it was not unduly prejudicial under Rule 403:

In this case, the victim testified that she and defendant got into an argument on July 26, 2010, that culminated with defendant throwing a brake drum, without provocation, through the front windshield of the car she was driving. Defendant testified that the victim was the aggressor and that he was acting in self-defense. In each of defendant's four alleged prior domestic assaults, he acted as the aggressor and assaulted the victim during a domestic dispute. Thus, the evidence of defendant's alleged prior domestic assaults demonstrated his propensity to commit acts of violence against the victim and tended to show it was more probable than not that the victim testified truthfully. *Cameron*, 291 Mich App at 612 (holding that evidence of the defendant's prior acts of domestic violence was relevant under MCL 768.27b to show his propensity to commit such acts and to establish the witness' credibility). Therefore, the evidence was relevant.

The evidence was also not unduly prejudicial under MRE 403.
All relevant evidence is prejudicial; it is only unfairly prejudicial evidence that should be excluded. Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury. This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. [*People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005) (citations and quotations omitted).]

Although "[p]ropensity evidence is prejudicial by nature, and it is precisely the danger of prejudice that underlies the ban on propensity evidence in MRE 404(b)," in the context of MCL 768.27b, courts must weigh the propensity inference in favor of the evidence's probative value, rather than its prejudicial effect. *See Watkins*, 491 Mich at 486-487 (analyzing MCL 768.27a).

Here, evidence of defendant's similar acts of domestic assault against the victim demonstrated his propensity to engage in such conduct and was probative to whether or not he assaulted the victim on July 26, 2010. Moreover, because defendant and the victim provided contradictory testimony about whether defendant was the aggressor or was acting in self-defense, evidence that made it more probable that the victim was testifying truthfully was highly probative. *Pattison*, 276 Mich App at 615-616 (holding that evidence of the defendant's other domestic assaults was "more probative than prejudicial" where the evidence "tend[ed] to bolster the credibility of [the victim], which is the most critical issue in the case"). Further, defendant failed to demonstrate that the challenged evidence "stir[red] the jurors to such passion . . . as to [be swept] beyond rational consideration of [the defendant's] guilt or innocence of the crime on trial." *People v Starr*, 457 Mich 490, 503; 577 NW2d 673 (1998) (quotation omitted).

*Flanagan*, slip op. at 3-4.

To the extent Petitioner claims that Mich. Comp. Laws § 768.27b conflicts with Rule 404(b) of the Michigan Rules of Evidence, and thereby violates the Michigan Supreme Court's powers under the Michigan Constitution, his claim is not cognizable in these proceedings because it raises only a question of state law. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, even if Mich. Comp. Laws § 768.27b, or the admission of evidence thereunder, violates the Michigan Constitution, such a violation does not give rise to a cognizable federal claim.

To the extent Petitioner claims that the admission of prior acts evidence violated his right to due process, he fails to raise a meritorious claim. As a general matter, state court evidentiary rulings do not rise to the level of due process violations unless they "offend . . . some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Patterson v. New York*, 432 U.S. 197, 202 (1977). In this respect, it is recognized that "[w]hen an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *see also, Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998) (citing *Estelle*, 502 U.S. at 67-68). Courts have defined violations which violate fundamental fairness "very narrowly." *Bugh*, 329 F.3d at 512. In Petitioner's case, the Michigan Court of Appeals determined that the evidence admitted was relevant and admissible for multiple reasons: to demonstrate Petitioner's tendency to engage

in violent conduct toward the particular victim, to buttress the victim's truthfulness, and to undermine Petitioner's claim that he was acting in self defense. Thus, the admission of the evidence of other domestic assaults was not egregious or improper, let alone a denial of fundamental fairness.

Furthermore, there is no clearly established Supreme Court precedent holding that a state court violates the Due Process Clause by permitting propensity evidence in the form of other bad acts evidence. In *Estelle*, the Supreme Court declined to hold that the admission of prior acts evidence violated due process. *Estelle*, 502 U.S. at 75. The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show a propensity to commit a charged crime. *Id.* at 75 n.5. While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms. Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512; *see also Bey v. Bagley*, 500 F.3d 514, 520 (6th Cir. 2007) ("[Petitioner] has not presented, nor have we discovered, any Supreme Court precedent indicating that a state court violates a criminal defendant's due process rights when it *properly* admits evidence of the defendant's other bad acts."). Consequently, Petitioner's due process claim is without merit because the state court's decision was not contrary to, or an unreasonable application of, clearly established law.

In addition, Petitioner's suggestion that the prosecution did not adequately prove that he engaged in the alleged prior acts of domestic assault does not state a valid claim. The state was

not required to prove that he engaged in those acts. It only needed to prove "beyond a reasonable doubt . . . every fact necessary to constitute the crime with which he [was] charged." *See In re Winship*, 397 U.S. 358, 364 (1970). The fact that Petitioner engaged in prior acts of domestic violence was not an element of any of the crimes with which he was charged. Indeed, the jury could have disregarded the evidence of Defendant's prior acts and found Plaintiff guilty of felonious assault, assault, and malicious destruction of property based solely on the victim's testimony of what occurred when he committed the charged offenses. In sum, therefore, claims I and II are without merit.

**Claim III: Insufficient Evidence to Overcome Petitioner's Claim of Self-Defense**

Petitioner claims that the state failed to meet its burden of showing that Petitioner did not act in self-defense. Petitioner asserts:

> Does a prosecutor bear the burden of disproving a case beyond a reasonable doubt? If so, the prosecutor failed to present sufficient evidence to disprove the claim of self-defense because he only threw the brake drum through the windshield when the victim attempted to run him over with her car. Although there was a propensity for him to commit an act of violence, the fact that the victim provided contradictory testimonies about whether the Petitioner was the aggressor or was acting in self-defense must be considered.

(Pet., docket #1, Page ID##5-6.)

Petitioner's claim is not cognizable on habeas review. Under Michigan law, self-defense is an affirmative defense. *See People v. Dupree*, 788 N.W.2d 399, 405 (Mich. 2010). "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission. It does not negate specific elements of the crime.'" *People v. Reese*, 815 N.W.2d 85, 101 n.76 (Mich. 2012) (quoting *Dupree*, 788 N.W.2d at 405 n.11). Although a prosecutor is required to disprove a claim of self-defense under state law, *People v. Watts*, 232 N.W.2d 396, 398

(Mich. Ct. App. 1975), "[p]roof of the nonexistence of . . . affirmative defenses has never been constitutionally required." *Smith v. United States*, 133 S.Ct. 714, 719 (2013) (quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977)). Thus, the Constitution did not require the prosecution in Petitioner's case to disprove self-defense beyond a reasonable doubt. *See Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) ("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt."); *Martin v. Ohio*, 480 U.S. 228, 233-36 (1987) (rejecting claim that putting burden on defendant to prove self defense is unconstitutional); *see also Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir. 1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law, citing *Engle v. Isaac*, 456 U.S. 107 (1982), and *Duffy v. Foltz*, 804 F.2d 50 (6th Cir. 1986)).

Put another way, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir. 1999). Petitioner does not challenge the sufficiency of the evidence in support of the essential state law elements of the crimes of which he was convicted; rather, "he has only faulted the jury's refusal to credit his proffered affirmative excuse or justification" for his conduct. *Id.* Thus, his claim that the prosecutor failed to disprove his affirmative defense is merely a state-law claim that is not cognizable on habeas review. *Id.*; *Redman*, 858 F.2d at 1200.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: October 17, 2013                                    /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE